IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WANDA SOLOMON,**

        **Petitioner,**

v.                                      **Case No. 1:21-cv-00113**

**WARDEN CARVER,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 16, 2021, Petitioner Wanda Solomon ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's request for dismissal as articulated in the Answer to Petition, Response to the Court's Order, and Second Supplemental Declaration of Destiny Spearen. (ECF Nos. 6, 9, 10).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner is now receiving the relief that she seeks in her petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the request for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

## I. **Relevant Facts**

Petitioner states in her petition for habeas relief that she was sentenced on two controlled substance offenses and received a sentence of 240-months' imprisonment. (ECF No. 1 at 1). She states that, since the enactment of the First Step Act of 2018 ("FSA"), she has participated in programming designed to reduce the risk of recidivism. According to Petitioner, the FSA requires the Federal Bureau of Prisons ("BOP") to give inmates time credits for participating in these programs. She claims that she is entitled to 360 days of time credits as of the filing date of her petition and will accumulate another 135 days in the months thereafter, significantly shortening her sentence, as well as the time she must spend incarcerated before qualifying for home confinement. (*Id*. at 10). Petitioner complains that the BOP has failed to give her the time credits she has earned, and she asks the Court for an Order directing the BOP to do so. Petitioner further requests that the Court waive her obligation to exhaust administrative remedies, because such remedies are futile, insufficient, and the matter is one of statutory construction. (*Id*. at 17-18).

On March 2, 2021, the undersigned entered an Order directing Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 5). Respondent filed a response to the Show Cause Order on March 18, 2021. (ECF No. 6). Respondent contends that Petitioner's habeas petition should be dismissed, because she failed to exhaust administrative remedies. Respondent rejects Petitioner's argument that exhaustion should be waived, pointing out that requiring the Petitioner to exhaust available remedies allows the BOP the first opportunity to consider Petitioner's claim and perhaps resolve it. (*Id*. at 2). In the absence of a certainty that the BOP will rule adversely, Respondent posits that the BOP should be given the chance to address the issue. In

addition, Respondent argues that Petitioner's petition is premature, because the FSA provides the BOP with two years to phase in the credits, and the two years does not expire until January 15, 2022. (*Id.* at 5-7). Petitioner was given an opportunity to reply to Respondent's arguments, but she did not do so. (ECF No. 7).

On January 31, 2022, the undersigned entered an Order directing the Respondent to provide the Court with a supplemental response to the petition. (ECF No. 8). Petitioner was given seven days after receipt of the supplemental response in which to file a reply. (*Id.*). Respondent submitted the supplemental response on February 10, 2022, followed by s second supplemental declaration filed on February 24, 2022. (ECF No. 9). In these filings, Respondent states that Petitioner's request for habeas relief is now moot, because she is receiving the relief she requested. (*Id.*). The time for Petitioner to reply has expired, and no reply was filed. Therefore, the petition is ready for resolution.

## II.  **Standard of Review**

Although Respondent does not state under which rule she brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court

3

"is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III. Discussion

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United States Constitution. Even when no party has raised the issue of subject matter

jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

Petitioner complains that the time credits she earned under the FSA have not been applied to her sentence. However, after Petitioner filed her petition for habeas relief, the BOP applied 365 days of time credit authorized by the FSA. (ECF No. 10 at 2-3). The time credits have altered Petitioner's release date from October 1, 2023 to October 1, 2022, and she now becomes eligible for home detention on April 1, 2022. (*Id.* at 3). According to Respondent, Petitioner has received the maximum amount of FSA time credits available to her. Petitioner does not dispute that representation. Therefore, the record indicates that Petitioner has received the relief she requested in her petition for a writ of habeas corpus, rendering the petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842.

First, under the "collateral consequences" exception, a habeas petition is not rendered moot when a petitioner is released from custody where the petition challenges collateral consequences, which continue after expiration of the sentence and are sufficient to create "a substantial stake" in the outcome of the habeas petition that "survives the satisfaction of the sentence." *Id.* Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). However, neither exception applies in this case.

Petitioner has not raised any collateral consequences flowing from the manner in which the BOP applied her FSA time credits, and there is no apparent factual basis upon which to claim that the collateral consequences exception applies. Furthermore, as Petitioner is not likely to face the same set of circumstances in the future, she is unable to demonstrate the "capable of repetition" exception to mootness. *Leonard,* 804 F.2d at 842. Therefore, the undersigned **FINDS** that (1) Petitioner's receipt of the relief she requested renders her petition for a writ of habeas corpus moot and (2) no exception to the mootness doctrine applies in this case.

### IV.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's requests for dismissal, (ECF No. 6, 9, 10), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**; and this matter be removed from the docket of the Court.

6

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** March 22, 2022

Cheryl A. Eifert
United States Magistrate Judge